**SONG LIU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 05–6308–ag.

United States Court of Appeals, Second Circuit.

May 22, 2007.

**60**

Song Liu, New York, NY, pro se.

Brett L. Tolman, United States Attorney; Diana Hagen, Assistant United States Attorney, Salt Lake City, UT, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Liu, a citizen of the People's Republic of China, seeks review of a November 3, 2005 order of the Board of Immigration Appeals ("BIA"), affirming the April 21, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Song Liu,* No. A96 013 842 (B.I.A. Nov. 3, 2005) *aff'g* No. A96 013 842 (Immig. Ct. N.Y. City April 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). Because the BIA did not reach the merits of the IJ's adverse credibility finding, it is unclear whether it adopted or rejected it. Regardless, because the bur-

den of proof finding is dispositive here, we will review only that finding.

This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

The agency's finding that Liu did not meet his burden of proof is supported by substantial evidence. The IJ's finding was based on: (1) Liu's testimony that, after the arrest of one of his Falun Gong classmates, the police once came to his house to look for him and that they broke some of his family belongings; and (2) Liu's statement that he no longer practiced Falun Gong. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Therefore, the IJ was reasonable in finding that Liu did not have an objectively reasonable fear of future harm because Liu no longer practiced Falun Gong and there was no evidence that the police looked for him beyond the initial visit. To the extent that Liu now argues that he is currently a Falun Gong practitioner, this is new information that cannot be considered by this Court. Rather, Liu must seek relief before the agency.

Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because he has not established that it is more likely than not that he would be tortured in China, denial of CAT relief was also appropriate. *Id.* To the extent that Liu made a separate CAT claim before the agency based on his ille-

gal departure from China, he had made no such claim before this Court. As such, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.